|  |  |
|---|---|
| _____ ) |  |
| MARCIA CANTRELL, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | Civil Action No. 10-399 (RWR) |
| ) |  |
| NOVARTIS PHARMACEUTICALS ) |  |
| CORPORATION, ) |  |
| ) |  |
| Defendant. ) |  |
| _____ ) |  |

## MEMORANDUM ORDER

Plaintiff Marcia Cantrell individually, and for the estate of Truman Cantrell, brings suit against Novartis Pharmaceuticals Corporation ("Novartis") alleging that a drug that Novartis produced and marketed injured Truman Cantrell. Novartis moves under 28 U.S.C. § 1404(a) to transfer this case to the Southern District of Ohio. Cantrell does not contest that the requirements of § 1404(a) are met. See Pl.'s Resp. to Def.'s Mot. to Transfer ("Pl.'s Resp.") at 1; see also Def. Novartis Pharmaceuticals Corp.'s Reply in Supp. of Mot. to Transfer Venue ("Def.'s Reply"), Ex. 1 (plaintiff's counsel stating that he is "in agreement [that this] case should be transferred").

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or

division to which all parties have consented." 28 U.S.C.
§ 1404(a). Cantrell does not contest Novartis' allegation that
this case could have been brought in the Southern District of
Ohio because the Cantrells resided in that district when they
filed suit. Similarly, Cantrell does not dispute Novartis'
contentions that "[t]his case has absolutely no nexus to
Washington, D.C." and that "based on the location of relevant
witnesses and documents, the convenience of the parties and
witnesses to this action warrants transfer and therefore supports
transfer of this action to the Southern District of Ohio, Western
Division." Def. Novartis Pharmaceuticals Corp.'s Mot. to
Transfer Venue at 2-3 (internal quotation marks omitted).
Accordingly, Novartis' motion to transfer will be granted.

Cantrell requests that the order transferring this case
include "that the Statute of Limitations of the District of
Columbia applied [to Cantrell's tort claims], or at least that
its choice of law rules on that question applied." Pl.'s Resp.
at 1. Novartis contends that "Section 1404(a) 'does not permit a
Court to consider a statute of limitations defense when
determining whether the transfer is appropriate.'" Def.'s Reply
at 2 (quoting <u>Joyner v. Reno</u>, 466 F. Supp. 2d 31, 36 (D.D.C.
2006)). However, "Novartis agrees that, under <u>Van Dusen v.
Barrack</u>, 376 U.S. 612 (19[64]), the choice-of-law rules of the
District of Columbia will apply to this case when transferred

pursuant to 28 U.S.C. § 1404(a)."[1]  Def.'s Reply at 2 n.3.  Thus, the parties agree that the District of Columbia's choice of law rules apply to this case.

Because transfer is proper under 28 U.S.C. § 1404(a) and the parties agree that the District of Columbia's choice of law rules apply to this case, it is hereby

ORDERED that defendant's motion [10] to transfer this case to the Southern District of Ohio be, and hereby is, GRANTED. District of Columbia choice of law rules apply to this case.

SIGNED this 19th day of August, 2013.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge

---

[1] <u>Van Dusen</u> provides that when a case is transferred, the transferee court must apply the choice of law rules of the state from which the case was transferred.  <u>See</u> <u>Van Dusen</u>, 376 U.S. at 639 ("[W]here the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue.  A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."); <u>see also</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 243 n.8 (1981).